# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PEPSI-COLA METROPOLITAN BOTTLING COMPANY, INC.**
**Employer Below, Petitioner**

**FILED**

October 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 15-1045**  (BOR Appeal No. 2050476)
                    (Claim No.2014036296)

**JUSTIN W. HANNA,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pepsi-Cola Metropolitan Bottling Company, Inc., by Bradley K. Shafer, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Justin W. Hanna, by Anthony J. Cicconi, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 5, 2015, in which the Board reversed the May 12, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 25, 2014, denial of compensability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hanna started working for Pepsi-Cola Metropolitan Bottling Company in April of 2014 as a delivery driver. He alleged he injured his right great toe on June 2, 2014. He sought medical treatment at Thomas Memorial Hospital on June 11, 2014. He also called his employer's medical hotline that day, but was treated at the hospital prior to the nurses on the hotline advising him of what to do for his toe. At the hospital, he was diagnosed with acute pain in his right lower extremity and probable gout, with monoarthritis of the right great toe. Mr. Hanna said his right foot had been hurting for a week or two. He did not provide a history of having a work injury.

After becoming ill from the gout medication that was prescribed, Mr. Hanna sought treatment from his family physician, John Frame, D.O. On June 17, 2014, Mr. Hanna gave Dr.

1

Frame a history of pain in his right great toe for two weeks with no new injury. Dr. Frame did not believe he had gout and advised him to stop taking the gout medication. Dr. Frame diagnosed tendonitis of the right foot and advised Mr. Hanna to keep the appointment Mr. Hanna had previously scheduled at Scott Orthopedic Center.

Mr. Hanna was seen at Scott Orthopedic Center on June 19, 2014, by Michael P. Riddle, PA-C. Prior to seeing Mr. Riddle, Mr. Hanna completed a questionnaire regarding the need for medical treatment. Mr. Hanna circled "no" in response to the question asking if the etiology of his symptoms was an injury. Mr. Hanna told Mr. Riddle he had been experiencing pain in the toe for one month due to an injury. He said he was lifting heavy items out of a truck and pushed off on his toes and when he did this he felt pain in his right great toe. He was having trouble applying weight on his right foot. Mr. Riddle diagnosed ganglion cyst of the tendon sheath, sprain of the foot, and tenosynovitis of the ankle/foot. He was not certain of the etiology of the symptoms but thought the claimant may have sprained or injured the flexor tendon of the great toe. He requested an MRI and referred Mr. Hanna to Kevin Brown, M.D., a podiatrist with Scott Orthopedic Center.

On June 21, 2014, an MRI of the right lower extremity revealed longitudinal partial tearing of the distal flexor halluces longus tendon and accompanying tenosynovitis. On June 25, 2014, the claims administrator denied compensability of the claim due to Mr. Hanna's inability to provide a definite, isolated fortuitous event that could have caused the injury.

Dr. Brown started treating Mr. Hanna on June 25, 2014. Mr. Hanna provided a history of lifting heavy items out of a truck, pushing off with his toes, and feeling pain in his great toe that was accompanied with swelling, burning, tingling, and numbness. Dr. Brown diagnosed rupture of a tendon in the foot and tenosynovitis of the ankle/foot. He recommended cast immobilization and placed Mr. Hanna in a short leg cast. On July 11, 2014, Dr. Brown opined the injury to the right great toe was chronic in nature and was the result of repetitive micro-trauma over many months' time. Dr. Brown also opined that the condition was work-related.

Marsha Lee Bailey, M.D., performed a records review on July 22, 2014. She noted Mr. Hanna had only been working in his position for two months when he sought an evaluation due to swelling and pain in his right great toe. In Dr. Bailey's opinion, Mr. Hanna did not have the occupational exposure needed to result in a chronic condition. Therefore, she did not believe the injury was work-related.

On January 19, 2015, Mr. Hanna testified via deposition. He stated that he started working for the employer in late March or early April in sales, which requires delivery. His sales position required him to unload the truck, stack cases of soda, hook the dolly into the stacks, lean the dolly back, and move the soda into the store. He hooked his foot around the dolly in order to pop the cases of soda off of it. One day after doing this repeatedly all day, he noticed a problem with his toe. He worked with the pain for about seven or eight days and then went to the emergency room on June 11, 2014. He was diagnosed with gout, prescribed medication, and told to follow-up with his family physician. His family physician did not believe he had gout. He

2

acknowledged he called his work hotline while he was at the hospital. He also acknowledged he did not tell the nurse at the hospital he had a work injury.

The Office of Judges affirmed the claims administrator's denial of the claim in its May 12, 2015, Order. The Office of Judges specifically referred to the June 19, 2014, questionnaire from Scott Orthopedic Center showing Mr. Hanna did not indicate he had an injury. It also found conflicting information as to the type of injury Mr. Hanna may have had, as well as the proper diagnosis. Therefore, the Office of Judges determined Mr. Hanna failed to show by a preponderance of the evidence that he had a compensable injury.

The Board of Review found the Office of Judges to be clearly wrong and reversed the Office of Judges' Order in its October 5, 2015, decision. The Board of Review determined Mr. Hanna noticed a problem with his right great toe on or about June 2, 2014, and that Mr. Hanna alleged he was injured while loading and unloading cases of soda. The Board further determined that Dr. Brown related the injury to Mr. Hanna's work. Therefore, the Board determined Mr. Hanna had a compensable injury and held the claim compensable for the conditions of rupture of a tendon in the foot and tenosynovitis of the ankle/foot.

We agree with the findings of fact and conclusions of law made by the Board of Review. Mr. Hanna sought medical treatment on June 11, 2014, due to pain in his foot. He knew it could have been work-related because he called his boss to tell him as he was going to the hospital. Unfortunately, he was misdiagnosed. Mr. Hanna has been consistent in describing his job duties, and how he may have injured his toe working with a dolly. His failure to indicate he was seeking treatment for a work injury when he went to Scott Orthopedic Center should not preclude compensability in light of the circumstances. The objective medical findings show he ruptured the tendon in his foot. The mechanism of injury described to Dr. Brown convinced Dr. Brown that this was work-related. It is unclear if Dr. Bailey had a complete job description on which to base her decision. Dr. Brown's opinion is more credible.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 26, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II


**DISSENTING**:
Chief Justice Menis E. Ketchum